JOSEPH A. BELL and ANN C. BELL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bell v. Commissioner
Docket No. 6286-71
United States Tax Court
T.C. Memo 1974-87; 1974 Tax Ct. Memo LEXIS 233; 33 T.C.M. (CCH) 450; T.C.M. (RIA) 74087; April 9, 1974, Filed. Joseph A. Bell, pro se. Hector C. Perez, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined an $805.83 deficiency in petitioners' 1967 Federal income tax. The sole issue remaining for decision is whether certain expenses incurred by petitioner-husband during 1967 are deductible business expenses under section 162. [1]
FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioners, husband and wife, were residents of Los Angeles, *234 California, when they filed their petition herein. They filed their joint 1967 Federal income tax return with the Internal Revenue Service Center at Ogden, Utah. Ann C. Bell is a party solely because she filed a joint return with her husband, and hereinafter "petitioner" refers to Joseph A. Bell. Luxembourg-American Maintenance Company (hereinafter "Company") was incorporated on May 11, 1960, under the laws of the State of Nevada. Its principal office was in Luxembourg, Europe until 1965, and thereafter was in California. Petitioner owned 40 percent of Company's issued and outstanding stock, and was its president and a director. His wife, Ann C. Bell, owned 30 percent of the stock, and was its secretary, treasurer and a director. From 1960 until 1964, Company was actively engaged in performing contract maintenance work for the United States Air Force in Europe. This work consisted primarily of repairing and overhauling military aircraft and their component parts. Sometime in 1964 Company lost its government contracts and was thus forced to close down its European operations. In 1965 petitioner returned to the United States, bringing with him all the tools and equipment *235 he could salvage from Company's European operations. Petitioner intended to have Company carry on a similar business in the United States. In March 1966 a shareholders' meeting was held to inform Company's shareholders of its financial condition. Only 7 or 8 of the 21 or 22 shareholders attended the meeting, at which petitioner presided as chairman. Petitioner was the only shareholder at the meeting willing to contribute more capital to the corporation; however, petitioner had no money. After the meeting petitioner attempted to sell his stock, but he was unable to find a buyer. He therefore decided to try to revive Company to protect and preserve his investment in Company. From 1966 to the present petitioner has devoted much of his spare time attempting to obtain capital for Company from friends, banks, finance companies and the Small Business Administration in order to get Company operating again. Petitioner, as president-general manager of Company, has actively solicited business for Company. However, he has been unsuccessful in securing Company either capital or business. During 1967 Company was inactive. It has not earned any income since October 1965. Company would *236 have been defunct by 1967 but for petitioner's efforts and expenditures on its behalf. Petitioner received no salary from Company during 1967, nor did he request or receive any reimbursements from Company for expenses he incurred in connection with Company, although he expected to be reimbursed by Company when and if it again became active. Petitioner did not receive any fees or commissions from Company or anyone else for activities carried on on behalf of Company. During 1967 petitioner was not in the trade or business of promoting businesses. He had no calling cards indicating that he was a promoter, he did not advertise that he was a promoter, and he did not hold himself out to the public as being in the business of promoting businesses. Petitioner did not intend to revive Company for sale to customers in the ordinary course of his trade or business. Petitioner earned his living in 1967 by writing, and by working part-time at night as an engineer. Petitioner's wife was employed as an accountant. For a brief period during 1967 petitioner worked as a salesman. Petitioner was employed by Kirby Appliance Co., Inc. as a salesman on February 11, 1967. As a condition of his *237 employment he was required to purchase a vacuum cleaner. Petitioner made no payments on the vacuum cleaner and his employment terminated February 21, 1967. On March 15, 1969, petitioner organized Joe Bell Enterprises ("Enterprise") as a sole proprietorship for purposes of bidding on government contracts. Enterprise was not in existence during 1967. On his 1967 income tax return, petitioner claimed $4,731.41 as business expenses incurred while self-employed and to protect, promote and preserve Company. Respondent disallowed $4,119.14 of the claimed business expenses. Of the $4,731.41 claimed on petitioners' return, $450.27 (real estate taxes and mortgage interest) was allowed as itemized deductions and $162 (per diem and miscellaneous expenses) was allowed as employee business expenses. Of the remaining $4,119.14 which was disallowed, $279.78 represents expenses related to petitioner's activities in connection with Company and $3,839.36 represents personal expenses. The personal expenses consist of expenses for "office space" in the home, home telephone, home utilities, depreciation on a file cabinet and a typewriter kept at home, and expenses connected with two personal automobiles. *238 OPINION Petitioners claimed $4,731.41 as business expenses on their 1967 return. Respondent disallowed $4,119.14 of those expenses. We have found as a fact that $3,839.36 of these expenses are personal expenses having to do with petitioners' residence and automobiles. Petitioner put on no evidence supporting his claim for the amount deducted as home office expense, home telephone expense, an apportionment of home utilities to home office expense, depreciation on a file cabinet and a typewriter kept at home, or allocation of part of the expense of operating two personal automobiles. He testified he spent a lot of time trying to revive Company, including trying to obtain loans and business for Company. He also testified that he could not find his 1967 records. Without more, we can only hold that petitioner has failed to carry his burden of demonstrating that these expenses were other than nondeductible personal, living and family expenses. Section 262; Rule 142 Tax Court Rules of Practice and Procedure.
The remaining $279.78 respondent concedes on brief are related to petitioner's activities in connection with protecting, promoting and preserving Company. The question *239 remains whether they are deductible business expenses. Petitioner first contends that he was in the business of promoting companies, including Luxembourg-American Maintenance Company and Joe Bell Enterprises, and that the expenses arose out of his business of being a promoter. Respondent denies that petitioner was in the business of promoting companies, and we agree. We have found as a fact that Joe Bell Enterprises was not even in existence in 1967. It was organized as a sole proprietorship in 1969 for the purpose of bidding on government contracts. We have also found as a fact that petitioner was not in the business of promoting businesses during 1967, that he did not intend to revive Company for sale to customers in the ordinary course of any trade or business, and that he did not receive any fees or commissions for promotional activities. Petitioner was in the business of being a writer and an engineer. In addition, he devoted a great deal of his time to soliciting loans and business for Company, allegedly in his capacity as president-general manager. "Devoting one's time and energies to the affairs of a corporation is not of itself, and without more, a trade or business *240 of the person so engaged. Though such activities may produce income, profit or gain in the form of dividends or enhancement in the value of an investment, this return is distinctive to the process of investing and is generated by the successful operation of the corporation's business as distinguished from the trade or business of the taxpayer himself. When the only return is that of an investor, the taxpayer has not satiisfied his burden of demonstrating that he is engaged in a trade or business since investing is not a trade or business and the return to the taxpayer, though substantially the product of his services, legally arises not from his own trade or business but from that of the corporation." Whipple v. Commissioner, 373 U.S. 193, 202 (1963). Petitioner makes no argument that he engaged in the activities giving rise to the expenses in issue to protect his "employment" with Company, for which he received no compensation. His only income came from his employment with businesses other than Company. Petitioner has failed to carry his burden of showing that he was carrying on a trade or business of promoting businesses. Petitioner also contends that the expenses *241 in issue, while paid for Company, were incurred to protect and preserve his unspecified individual trade or business and therefore are deductible under section 162. Respondent denies that these expenses were incurred to protect any individual trade or business of petitioner, and we agree. It is well established that as a general rule even majority shareholders cannot deduct expenses incurred on behalf of their corporation. See Deputy v. DuPont, 308 U.S. 488 (1940), and Jean U. Koree, 40 T.C. 961 (1963). In order for a payment incurred on behalf of a corporation to be deductible by petitioner, he must show specifically that he paid the corporation's obligation to promote and protect his individual trade or business. See James L. Lohrke, 48 T.C. 679 (1967) (majority stockholder's payment of corporation's liability to customers for defective goods made to protect his related individual business), and Charles J. Dinardo, 22 T.C. 430 (1954) (shareholders' and partners' payment of corporation's operating losses made to protect their income in related partnership). Petitioner has not shown that he was engaged in any business other *242 than being a salaried employee (writer and engineer) of businesses other than Company. He does not contend that the expenditures in issue related to his salaried employment. The expenditures in issue (and here we refer only to the $279.78 respondent conceded to be related to Company) appear to have been incurred primarily to protect and preserve petitioners' stock interest in Company. Such expenditures are predominantly capital in nature. As such, they represent a contribution to the capital of Company, and increase petitioners' bases in their stock. See Jean U. Koree, supra.
Petitioner contends finally that he is entitled to deduct as business expenses those expenses incurred as a part-time "outside salesman" during 1967. Petitioner was employed by Kirby Appliance for 10 days as a salesman. There is no evidence in the record regarding any expenses incurred by petitioner as such salesman. Respondent points out that he allowed $162 of expenses incurred in connection with petitioner's part-time employments. In view of the total lack of evidence on this issue, we hold that petitioner is not entitled to any employee expenses over and above those previously allowed *243 by respondent. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the year in issue. ↩